IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NIKITA WOODS,<br><br>     Plaintiff,<br>vs.<br><br>FRANKLIN SCHOOL APARTMENTS et al, and TREVOR ALLISON,<br><br>     Defendants. | CV-16-117-BMM-JTJ<br><br><br>ORDER |

**SYNOPSIS**

Pending is Plaintiff Nikita Wood's Motion for Leave to Proceed in Forma Pauperis (Doc. 1) and proposed Complaint (Doc. 2.). The motion to proceed in forma pauperis will be granted. Based on the sua sponte screening required by 28 U.S.C. § 1915(e)(2), the Court finds that Ms. Woods's Complaint fails to state a claim upon which relief can be granted. The Court will require Ms. Woods to file an amended complaint by February 6, 2017. If she fails to do so, her Complaint will be dismissed.

**JURISDICTION**

Ms. Woods filed this action in the Great Falls Division of the District of Montana. (Doc. 2.) Venue is proper as the defendants reside in Cascade County, Montana. Local Rule 3.2(b). The Court has personal jurisdiction over the parties, all of whom are "found" in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P.

4(b). Ms. Woods attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 42 U.S.C. § 1983. The case was assigned to United States District Judge Brian Morris and referred to the undersigned under Local Rule 72.2(a)(1).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Ms. Woods submitted an Application to Proceed in District Court without Prepaying Fees or Costs; it appears she is unemployed and does not have any income. (Doc. 1.) The Court finds this application to be sufficient to make the showing 28 U.S.C. § 1915(a) requires. Her request to proceed in forma pauperis will be granted because it appears she lacks sufficient funds to prosecute this action.

## II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)

### A. Standard

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent the claims are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. It must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*.

When a plaintiff files a claim under 42 U.S.C. § 1983, the challenged action must have taken place "under the color of state law." *Life Ins. Co. Of North America v. Recihardt*, 591 F.2d 499, 501 (9th 1979). A complaint stating a claim under § 1983 against a private entity or individual must show that the State "significantly involved itself" in the alleged discriminatory action. *Id*. Significant involvement does not exist when the State merely regulates business conduct. *Id*.

## ANALYSIS

Ms. Woods alleges that Defendants, a private entity and a private individual, violated the Equal Protection Clause by placing two different types of fire alarms in the apartment building where Ms. Woods resided: one that only requires one step to activate and another that requires two steps. Ms. Woods alleges that the two-step fire alarms are located in an area of the apartment building where the

residents are predominantly Caucasian, while the single-step fire alarms are in a section where the residents are predominantly Native American.

Ms. Woods does not allege that Defendants acted under the color of state law. She has not alleged any facts that show that the State condones the placement of single-step fire alarms in the area of the building occupied by Native Americans while requiring two-step fire alarms in areas occupied by Caucasian residents. Therefore, Ms. Woods's Complaint fails to allege that the State was significantly involved in the alleged discriminatory act as a claim under § 1983 requires.

Ms. Woods does allege that Defendants evicted her under a Montana statute that allows a landlord to evict a tenant that damages rental property. This does not show, however, that the State was involved in the allegedly discriminatory act. At best, this shows that the State regulates the business conduct of Defendants. This likewise does not satisfy the requirements of § 1983.

## CONCLUSION

As currently pleaded, Ms. Woods's Complaint fails to state a claim upon which relief may be granted and is subject to dismissal. Because it may be possible to cure these defects by the allegation of additional facts, Ms. Woods may file an amended complaint to provide specific allegations regarding the placement of the two different types of fire alarms in the Franklin Woods Apartments.

Any amended complaint must be retyped or rewritten in its entirety on the

court-approved form and may not incorporate any part of the original complaint by reference. Once Ms. Woods files an amended complaint, it replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Ms. Woods fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Ms. Woods may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

Any amended complaint must consist of short, plain statements telling the Court (1) the rights Ms. Woods believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Ms. Woods's rights; (5) when the alleged actions took place; and (6) what injury Ms. Woods suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Ms. Woods must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Ms. Woods must provide specific factual allegations for each element of each of her claims and must state with specificity to which defendants each of her claims apply. If Ms. Woods fails to affirmatively link the

conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

In describing the acts or omissions of the individual defendants, Ms. Woods is advised that Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). This can be established in two ways. First, an individual can be held liable for his or her own personal acts that directly cause an injury. Second, an individual can be held liable in his or her individual capacity under a theory of supervisory liability. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). To impose liability under Section 1983 against a supervisor, a plaintiff must establish the supervisor's <u>prior</u> knowledge of unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D. Mont. 2014) (*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011).

Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. A defendant

cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under Section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). A supervisor may be liable (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez v. Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Allegations against supervisors that resemble "bald" and "conclusory" allegations should be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Ms. Woods must allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 (*citing Starr*, 652 F.3d at 1206–07).

Furthermore, Ms. Woods should note that when a plaintiff files a claim under 42 U.S.C. § 1983, the challenged action must have taken place "under the color of state law." *Life Ins. Co. Of North America v. Recihardt*, 591 F.2d 499, 501 (9th 1979). A complaint stating a claim under § 1983 against a private entity or

individual must show that the State "significantly involved itself" in the alleged discriminatory action. *Id.* Significant involvement does not exist when the State merely regulates business conduct. *Id.*

Based on the foregoing, the Court issues the following:

**ORDER**

1. On or before February 6, 2017, Ms. Woods may file an amended complaint.

2. The Clerk of Court is directed to provide Ms. Woods a form for filing an amended complaint.

3. At all times during the pendency of this action, Ms. Woods must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 29th day of December 2016.

John Johnston
United States Magistrate Judge